United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 14, 2003**

Charles R. Fulbruge III
Clerk

**United States Court of Appeals
for the Fifth Circuit**

_____

No. 02-20289

_____


CEDRICK JEROME BASS,

Petitioner-Appellant

VERSUS

DOUGLAS DRETKE, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee,


_____

Appeal from the United States District Court
For the Southern District of Texas

_____



Before DAVIS and EMILIO M. GARZA, Circuit Judges, and F. A. LITTLE, JR.[*]
District Judge.

PER CURIAM:[**]

Petitioner, Cedric Jerome Bass ("Bass"), challenges the district court's order

---

[*]District Judge of the Western District of Louisiana, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying federal habeas corpus relief based on ineffective assistance of counsel under 28 U.S.C. § 2254. We granted COA to consider whether the district court correctly deferred to the state habeas court findings which were made without the benefit of an evidentiary hearing. This appeal on the merits ensued.

I

On August 31, 1995 Bass was stopped for speeding by Texas constables. During the traffic stop officers discovered crack cocaine and arrested Bass. Petitioner was indicted for possession of more than four grams but less than 200 grams of cocaine, and scheduled for trial in Texas District Court for the 221st Judicial District, Montgomery County, Texas. Bass alleges that in January 1997, several months before the trial, the prosecutor offered him a plea bargain with a sentence of probation. Bass declined the offer and instead he and his lawyer James Dyer ("Dyer") proceeded with trial preparations. In August 1997, Bass allegedly received a phone call from Dyer explaining that Nancy Neff ("Neff") had offered two years incarceration in exchange for a guilty plea. Bass avers that in a three way conversation between Dyer, Bass, and Bass's wife, he told Dyer to accept the two year offer. According to Bass, Dyer never communicated the acceptance to the prosecution. The day of trial, September 2, 1997, the prosecution offered Bass a final deal of four years incarceration. Bass rejected the offer and proceeded with trial, which resulted in a guilty verdict and an eighteen year sentence.

2

Bass did not pursue a direct discretionary appeal in the Texas state courts but instead filed a state habeas application claiming, *inter alia*, ineffective assistance of counsel for the failure to communicate the acceptance of the two year offer. The habeas application was filed in the same court where Bass was convicted but was heard by a different judge. Bass submitted sworn affidavits with his application for habeas relief from his wife, his aunt, and a friend, in addition to his own affidavit, to support his contention that he was offered and accepted a two year plea bargain. Bass's wife stated she heard the August 1997 conversation between Dyer and Bass, and Bass's aunt and friend stated that they were told by Bass they were no longer needed as witnesses since he had accepted a plea offer of two years. Respondent submitted an affidavit from the prosecutor Neff in support of its proposed findings of fact and conclusions of law. She stated in her affidavit that in January 1997 she offered to allow Bass to plead to a term of probation. That summer when she discovered that other state and federal drug charges were pending she revoked that offer. Neff stated that she "then conveyed an offer of incarceration. On the morning of trial, September 2, 1997, [she] offered to allow the defendant to plead to four years in [the Texas Department of Criminal Justice]." St. Hab. R. at 167. She stated that Bass rejected that offer of four years incarceration and never expressed interest in any of her plea offers.

The state court further ordered submission of an affidavit from Dyer regarding the plea bargaining and his investigation. Dyer acknowledged generally that plea bargaining

occurred during the course of the proceeding, and that any acceptance of any plea offer would have been communicated to the prosecutor.

Based on these affidavits the state habeas court determined that there was no failure to communicate acceptance of plea offers to the prosecution because Bass never agreed to accept any plea bargain offer. The court found Neff and Dyer's affidavits credible since they were consistent with each other and the record:

> 8. The Court finds the affidavits of James Dyer to be credible because they are supported by the record, and because they are supported by the affidavit of the prosecutor, Nancy Neff.
>
> 9. Based on the credible affidavits of James H. Dyer and Nancy Neff, Dyer did not fail to communicate [Petitioner's] acceptance of a plea bargain offer because [Petitioner] never agreed to accept any plea bargain offer extended by the State.

St. Hab. Findings of Fact & Concl. of Law, at 4. Based upon this factual finding the state habeas court held that there was no ineffective assistance of counsel. The Texas Court of Criminal Appeals upheld the state district court's habeas determination without a written opinion.

Petitioner then filed a § 2254 petition in federal district court. There the district court granted a summary judgment motion filed by Respondent without allowing discovery or an evidentiary hearing. It deferred to the state habeas court's factual findings. Bass filed a notice of appeal and requested COA on the district court's denial of discovery, the failure to conduct an evidentiary hearing, and problems regarding deference to the state court determination. A judge of this Court found that "Bass . . .

4

demonstrated that the issue whether the district court was correct in affording the state habeas court's findings a presumption of correctness is adequate to deserve encouragement to proceed further," and granted COA on that issue only. This appeal on the merits followed.

## II

In a federal habeas appeal, this court reviews the district court's grant of summary judgment *de novo*, *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir.1994), "applying the same standard of review to the state court's decision as the district court." *Beazley v. Johnson*, 242 F.3d 248, 255 (5th Cir.2001) (quoting *Thompson v. Cain*, 161 F.3d 802, 805 (5th Cir.1998)). Because Bass filed his habeas petition after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, that statute supplies the appropriate standard of review of the state court's order.

AEDPA requires that strong deference be given to factual determinations made by the state habeas courts:

> (d)An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> * * *
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

5

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(d)-(e)(1).

The law in this circuit is clear that, in contrast to the pre-AEDPA law,[1] deference to a state habeas court's factual determinations is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez v. Cockrell*, 274 F.3d 941 (5th Cir. 2001). In *Valdez v. Cockrell*, we deferred to the state habeas factual findings even where exhibits were lost and thus ignored by the state court. The *Valdez* Court held that "a full and fair hearing is not a precondition to according § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review." *Id.* at 951. We concluded that deference was owed unless the findings were rebutted by clear and convincing evidence to the contrary. Simply put, deference is not dependent upon the existence of a full and fair hearing in the state habeas proceeding.[2]

---

[1]*See e.g. Perillo v. Johnson*, 79 F.3d 441, 446-47 (5th Cir. 1996) (holding that full and fair hearing is a prerequisite to deference, but that paper hearing can under circumstances be a full and fair hearing).

[2]We are aware of a small number of post-AEDPA cases with language suggesting that the sufficiency of the hearing in the state habeas court could impact the degree of deference owed. *See, e.g., Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (pre-*Valdez* case suggesting even stronger deference to a paper hearing where the state trial judge and the habeas judge are the same, and thus better able to evaluate veracity); *Murphy v. Johnson*, 205 F.3d 809, 813 (5th Cir. 2000) (pre-*Valdez* case finding that a full and fair hearing has not always required live testimony); *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002) (upholding the district court judgment that deferred to state court habeas factual findings even though based upon paper hearing). These cases have relied entirely upon pre-AEDPA precedent. *E.g.*, *Nethery v. Collins*, 993 F.2d 1154,

The federal district court properly paid deference to the state habeas findings when it held that "based on the factual findings and the credibility choices of the state court, which are presumed correct under 28 U.S.C. § 2254(e)(1), Bass did not actually accept any plea bargain offer prior to his trial. It follows that Bass cannot show that his attorney was deficient under *Strickland*, as a matter of law, because there was no acceptance to communicate."[3] *Bass v. Cockrell*, No. H-00-3925, slip op. at 17 (S.D. Tex. Feb. 7, 2002). This finding by the district court is fully supported by the state court finding that "Dyer did not fail to communicate [Bass's] acceptance of a plea bargain offer because [Bass] never agreed to accept any plea bargain offer extended by the State." St. Hab. Findings of Fact & Concl. of Law, at 4. The finding that Dyer made no error precludes an ineffective assistance claim under *Strickland*.

The district court correctly deferred to the state habeas court factual findings and properly denied habeas relief.

---

1157 n.8 (5th Cir. 1993) (pre-AEDPA case cited by post-AEDPA courts when attempting to acknowledge the relevance of the sufficiency of the state habeas proceeding). *Valdez*, however, is the first and only case that has directly addressed the question whether federal courts owe deference even absent a full and fair hearing in state court. It is the law of this circuit.

[3]Bass argues that the district court erred when it found that no plea offer carrying a sentence of two years had been made. See *Bass v. Cockrell*, No. H-00-3925, slip op. at 17 (S.D. Tex. Feb. 7, 2002) ("[O]nly two plea bargains were made, one for probation and another for four years of imprisonment."). He avers that this federal court finding is not properly deferential since it contradicts an implicit factual finding in state court. Petitioner asserts that when the state court found that "Dyer did not fail to communicate . . . acceptance of a plea bargain offer" it implicitly acknowledged the existence of a two-year plea offer. Because the district court's holding properly denies habeas relief on independent grounds there is no need to address this issue raised by the petitioner.

7

AFFIRMED.